```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                      DISTRICT OF VERMONT
```

CHERYL ROUSSEAU and PETER     :
ROUSSEAU,                     :
                              :
    Plaintiffs,               :
                              :
         v.                   :    Case No. 2:18-cv-205
                              :
JOHN BOYD COATES, III, M.D.,  :
and CENTRAL VERMONT MEDICAL   :
CENTER, INC.,                 :
                              :
    Defendants.               :

## OPINION AND ORDER

In 1977, Defendant John Boyd Coates, M.D. agreed to artificially inseminate Plaintiff Cheryl Rousseau with genetic material from an unnamed medical student. In 2018, Cheryl and her husband, Plaintiff Peter Rousseau, allegedly discovered that the biological father of their now-grown daughter is, in fact, Dr. Coates. The Complaint brings several causes of action, including medical malpractice, breach of contract, fraud, battery, and a claim under the Vermont Consumer Protection Act ("VCPA").

Dr. Coates now moves for summary judgment against Peter Rousseau, arguing that he had no conversations or personal contact with Peter and that Peter therefore lacks any basis for bringing claims against him. In a separate Opinion and Order, the Court has granted summary judgment in favor of Dr. Coates on the Rousseaus' VCPA claim. For the reasons set forth below, the remainder of Dr. Coates' motion for summary judgment is granted

in part and denied in part.[1]

## Factual Background

Peter and Cheryl Rousseau married in October 1974. Prior to their marriage, Peter obtained a vasectomy. He later explored whether the vasectomy could be reversed and learned that it could not. Consequently, Cheryl Rousseau asked her gynecologist, Dr. Coates, about artificial insemination services. Dr. Coates allegedly responded, "we do that." As a condition, however, Dr. Coates required a letter from an attorney stating that Peter Rousseau would raise any child born from the procedure as his own. Peter obtained the required letter and Cheryl delivered it to Dr. Coates. Peter then accompanied Cheryl when she received a test to ensure her fertility, but waited in a separate room during the testing. It appears from the record that Peter never met Dr. Coates prior to this litigation.

Before the insemination procedure, Cheryl and Dr. Coates discussed the physical attributes of the donor whose genetic material would be used. Cheryl explained to Dr. Coates that she and Peter were seeking a donor who physically resembled her

---

[1] The Rousseaus initially brought claims for negligent infliction of emotional distress and intentional infliction of emotional distress, but have since voluntarily dismissed those claims with prejudice. In their opposition to the instant motion for summary judgment, Plaintiffs represent that Peter Rousseau is withdrawing his statutory claims for medical negligence and failure to obtain informed consent under 9 V.S.A. §§ 1908-09. Accordingly, those claims are dismissed.

husband.  Dr. Coates subsequently informed Cheryl that he had found a donor who met the description of Peter.  In addition to resembling Peter, the donor was to be a medical student with above-average intelligence.

After informing Peter that a donor had been found, Cheryl agreed to go ahead with the procedure.  She has since testified that she would not have gone forward with the procedure if she had known that Dr. Coates would be the donor.  Peter has similarly attested that he would not have gone through with the procedure or agreed to pay for it if he had known that Dr. Coates would be the donor.

The Rousseaus paid $75 cash from their joint bank account to Dr. Coates for the artificial insemination.  After the second attempt, Cheryl Rousseau became pregnant.  She gave birth to her daughter, Barbara, on December 27, 1977.

In October 2018, the Rousseaus reportedly learned for the first time that Dr. Coates is Barbara's biological father.  Cheryl Rousseau claims that as a result of this discovery she has suffered a loss of trust, lost sleep, and has stopped participating in her normal activities.  Peter Rousseau has allegedly suffered from anxiety.

## Discussion

**I.   Summary Judgment Standard**

Summary judgment is appropriate when the record shows that

there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the Court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). However, the non-moving party "may not rely on conclusory allegations or unsubstantiated speculation." *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (quotation omitted).

**II.  Fraud**

Dr. Coates argues that because Peter Rousseau was not a part of any contract or transaction, he cannot bring a claim of fraud. In order to establish fraud, a plaintiff must show (1) intentional misrepresentation of a material fact; (2) that was known to be false when made; (3) that was not open to the defrauded party's knowledge; (4) that the defrauded party act[ed] in reliance on that fact; and (5) is thereby harmed. *Estate of Alden v. Dee*, 2011 VT 64, ¶ 32; *see also Union Bank v. Jones*, 138 Vt. 115, 121 (1980) (noting that the intentional

4

misrepresentation must "affect[] the essence of the transaction"). Here, the Rousseaus claim that Dr. Coates made an intentional misrepresentation about the identity of the donor, knew that his statement was untrue, and did not reveal the truth. The Rousseaus acted on the basis of that misrepresentation. With respect to the question of harm, the instant summary judgment motion does not challenge the Rousseaus' claims.[2]

Dr. Coates argues that since all of his direct communications were with Cheryl Rousseau, Peter was not a party to the "transaction" and thus cannot claim fraud. Viewing the facts in a light most favorable to the Rousseaus, Peter was an obvious party to the entire insemination decision. It was the fact of Peter's vasectomy that led Cheryl to inquire about artificial insemination. When Dr. Coates informed Cheryl that he could perform such a procedure, he required Peter to formally commit to raising the child as his own. Peter complied with that condition, and Dr. Coates thereafter reported to Cheryl that he had identified a donor. Peter and Cheryl have both attested that they would not have paid for or otherwise moved forward with the procedure if they had known that Dr. Coates would be the donor. Accordingly, their assertions of fact satisfy the elements of a fraud claim, and Dr. Coates' motion for summary judgment with

---

[2] Dr. Coates has challenged the fraud claim on different grounds in a separate motion for summary judgment. ECF No. 115.

respect to that claim is denied.

### III. Breach of Contract

A similar analysis applies to the breach of contract claim. Dr. Coates argues that his agreement was to provide a medical service to Cheryl Rousseau. To the extent that the agreement constituted a contract (a point that Dr. Coates does not concede), he claims that Peter Rousseau was a stranger to that contract. The Rousseaus submit that, as with the fraud claim, Peter and Cheryl were both parties to the agreement.

Again, when viewing the facts in a light most favorable to the Rousseaus, Peter was part of the agreement with Dr. Coates. In fact, it was Dr. Coates who actively invited Peter to become a part of the agreement when he required a letter of commitment as a pre-condition to performance. Peter met the condition, Dr. Coates described the donor, and Peter and Cheryl decided to make payment and move forward. Summary judgment on Peter's breach of contract claim is denied.

## Conclusion

For the reasons set forth above, Peter Rousseau's claims under 9 V.S.A. §§ 1908-09 are dismissed, and the motion for summary judgment on his claim of fraud and breach of contract (ECF No. 95) is denied.

DATED at Burlington, in the District of Vermont, this 18th day of September, 2020.

>/s/ William K. Sessions III
>William K. Sessions III
>U.S. District Court Judge